[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12941
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00135-JSM-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID L. DIXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 3, 2012)

Before DUBINA, Chief Judge, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Appellant David Dixon appeals his convictions for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2); carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(1); and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Specifically, Dixon argues that the district court erred by denying his motion to suppress the statements and physical evidence obtained during a warrantless stop and frisk and a search of his residence. He contends that the district court should have disregarded entirely the officers' testimony because it contained inconsistencies.  Accordingly, he argues there was no probable cause to stop the taxicab in which he was a passenger or to search his person and bag. Finally, he argues that he involuntarily consented to the search of his home because officers elicited his consent after a promise of immunity.

We review the district court's findings of fact on a motion to suppress only for clear error, but review its application of law to those facts *de novo*.  *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). "[W]hen considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the prevailing party below." *Id.*

The resolution of a credibility dispute is within the province of the fact

finder, and will not be reversed for clear error unless the testimony is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it. *United States v. Pineiro*, 389 F.3d 1359, 1366 (11th Cir. 2004). The suppression hearing often pits the testimony of law enforcement officers against the testimony of the defendant and his friends. The factfinder must not base a credibility determination solely on the relative status of the different witnesses, but should weigh the testimony of all witnesses, taking into account their demeanors and interests, and the consistencies or inconsistencies in their testimonies. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749-50 (11th Cir. 2002).

A traffic stop, to satisfy constitutional concerns, requires that the officer have either probable cause to believe a traffic violation occurred or reasonable suspicion of criminal activity. *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008). The standard is an objective one, and an officer's subjective motivation does not invalidate any "otherwise objectively justifiable behavior under the Fourth Amendment." *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999) (internal quotation marks omitted).

Where the initial traffic stop is legal, the officer has the duty to investigate suspicious circumstances that then come to his attention. *United States v. Harris*,

3

928 F.2d 1113, 1117 (11th Cir. 1991) (quoting *United States v. Hardy*, 855 F.2d 753, 757 (11th Cir. 1988)). "[A]n officer making a traffic stop may order passengers to get out of the car pending completion of the stop." *Maryland v. Wilson*, 519 U.S. 408, 415, 117 S. Ct. 882, 886, 137 L. Ed. 2d 41 (1997). "To justify a patdown of the driver or a passenger during a traffic stop, however . . . , the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 327, 129 S. Ct. 781, 784, 172 L. Ed. 2d 694 (2009).When determining whether reasonable suspicion exists, we must review the "totality of the circumstances" of each case to ascertain "whether the detaining officer had a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 750, 151 L. Ed. 2d. 740 (2002) (internal quotation marks omitted). As part of the review of the totality of the circumstances, we examine the collective knowledge of all the officers involved in the stop. *United States v. Cotton*, 721 F.2d 350, 352 (11th Cir. 1983).

The inevitable discovery exception to the exclusionary rule permits admission of evidence that in fact resulted from an illegal search but would have been discovered without that illegal police action. *United States v. Brookins*, 614 F.2d 1037, 1044 (5th Cir. 1980). "At the stationhouse, it is entirely proper for

4

police to remove and list or inventory property found on the person or in the possession of an arrested person who is to be jailed." *Illinois v. Lafayette*, 462 U.S. 640, 646, 103 S. Ct. 2605, 2609, 77 L. Ed. 2d 65 (1983).

All of Dixon's arguments on appeal are founded upon the premise that the officers' testimony should be disregarded as incredible. Because none of the testimony was contrary to the laws of nature or so inconsistent or improbable on its face that no factfinder could accept it, we are unable to discern error in the district court's factual findings. Therefore, we conclude from the record that the stop of the taxicab was supported by objective criteria and was constitutional. The totality of the circumstances based on the collective knowledge of the officers indicated that Dixon might be armed, making the search of his person reasonable. The officers lawfully searched the bag containing illegal drugs incident to Dixon's arrest. Alternatively, officers would have inevitably searched the bag during an inventory. Finally, we conclude that the credited testimony established that Dixon voluntarily consented to a search of his residence. Accordingly, we hold that the district court properly denied the  motion to suppress, and we affirm Dixon's convictions.

**AFFIRMED.**